**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**FRANKLIN COBBS, JR.,**

                        **Plaintiff,**

  **vs.**                                             **9:14-CV-96
                                                      (MAD/TWD)**

**S. LAMARE, UPSTATE CORRECTIONAL
FACILITY,**

                        **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FRANKLIN COBBS, JR.
08-A-3161**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging that Defendant Lamare subjected him to harassment and physical abuse, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See* Dkt. No. 1. On September 19, 2014, Defendant filed a pre-answer motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 ("PLRA"). *See* Dkt. No. 35. In an April 17, 2015 Report-

Recommendation and Order, Magistrate Judge Dancks recommended that the Court grant Defendant's motion and dismiss Plaintiff's complaint. *See* Dkt. No. 47. Neither party objected to Magistrate Judge Dancks' Report-Recommendation and Order.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

2

295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff failed to exhaust his administrative remedies prior to commencing this litigation. Plaintiff brought a grievance to the facility's superintendent, but he filed his complaint in this

3

action before appealing the denial of his grievance to the Central Office Review Committee ("CORC"). *See* Dkt. No. 39 at ¶ 5. In fact, Plaintiff admits that he received his the decision from the CORC after he commenced this action. *See id.* Receiving a decision from the CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit, and any such action must be dismissed without prejudice. *See Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002).

Additionally, Magistrate Judge Dancks correctly determined that the administrative remedies were available to Plaintiff and that Defendant preserved the exhaustion defense by asserting it in this pre-answer motion for summary judgment. *See* Dkt. No. 47 at 6. Further, nothing in the record indicates that Defendant's own conduct should estop him from asserting this defense. Finally, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's alleged "lack of knowledge of the CORC appeal process" and the fact that he was transferred between facilities do not present a special circumstances justifying Plaintiff's failure to exhaust. *See Smith v. City of New York*, No. 12 Civ. 3303, 2013 WL 5434144, *20 (S.D.N.Y. Sept. 26, 2013) (citation omitted); *Rodriguez v. Senkowski*, 103 F. Supp. 2d 131, 134 (N.D.N.Y. 2000).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' April 17, 2015 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 35) is **GRANTED** and Plaintiff's complaint is **DISMISSED** in its entirety for failure to exhaust administrative remedies; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 21, 2015
       Albany, New York

                                              Mae A. D'Agostino
                                              U.S. District Judge